UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CHARLES HATCHER, as next friend, for T.H., a minor, <br>    Plaintiff, <br><br> VS. <br><br> NUECES COUNTY, TEXAS, et. al., <br>    Defendants. | § § § § § § § § | CASE NO. 2:17-CV-155 |

## MEMORANDUM OPINION AND ORDER

Charles Hatcher brought a civil rights action on behalf of his minor child, T.H., pursuant to 42 U.S.C. § 1983, alleging that T.H.'s constitutional rights were violated while he was a pretrial detainee in the Nueces County, Texas Jail. Nueces County filed a Motion to Dismiss pursuant to Rule 12(b)(6), to which Hatcher responded. D.E. 5, 11. The County also filed a Reply to Hatcher's Response. D.E. 12. The Motion to Dismiss attacks only Hatcher's pleading of governmental liability.

### I.     JURISDICTION

This Court has federal question jurisdiction pursuant to 28 U.S. § 1331 over claims asserted pursuant to 42 U.S.C. § 1983 and 42 U.S.C. §§ 12131, *et. seq.*

### II.     PLAINTIFF'S ALLEGATIONS

Hatcher alleges that 17 year old T.H. was sexually assaulted by other inmates while T.H. was a pretrial detainee at the Nueces County Jail in September 2016. After T.H.'s arrest, Hatcher notified Sheriff's Deputy, John Doe #1, that T.H. was a high-functioning autistic child who was prescribed numerous medications. T.H.'s treating

1

neurologist called the Jail and notified one or more deputy sheriffs that due to T.H.'s disabilities, he was likely to be physically or sexually assaulted if housed with other inmates. T.H. was sexually assaulted by another inmate at the jail.

Hatcher alleges that Nueces County, by and through the Sheriff's Department, authorized and ratified the acts and omissions of the sheriff's deputies. He further alleges that the deputies violated T.H.'s Fourth Amendment and/or Eighth Amendment rights:

1. By acting with deliberate indifference to a substantial and known risk of harm;

2. By failing to intervene to prevent injuries to T.H.;

3. Creating a danger that would not have existed but for the conduct of defendants which provided the opportunity of harm to T.H.;

4. By ignoring T.H.'s serious medical needs; and

5. Failing to impose proper and sufficient policies and/or procedures as to screening of inmates/detainees/arrestees in regards to their medical needs.

Hatcher claims that Nueces County is liable "because it sanctioned the custom, practice and/or policy or procedures of failing to protect and/or ignoring the serious medical needs of those entrusted to their care." D.E. 1, § 15. Hatcher also claims that the County inadequately trained its officers which constitutes deliberate indifference to inmates who are covered by the Americans with Disabilities Act (ADA).

Hatcher argues that the Jail's failure to place T.H. in protective custody and/or prevent his interaction with violent or potentially violent inmates failed to accommodate his disabilities and violated the ADA.

### III. MOTION TO DISMISS PURSUANT TO RULE 12(B)(6)

Nueces County argues that Hatcher has not stated a plausible claim of governmental liability. It challenges three § 1983 claims against the County: 1) failure to protect, 2) failure to provide adequate medical care, and 3) failure to train. The Court focuses solely the issue of governmental liability on those three theories.

Hatcher's response to the motion to dismiss includes lengthy citations to *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164-69 (1993), and other cases. The Response includes virtually no discussion of the facts.

As in *Gonzales v. Nueces Cty, Tex.*, 227 F. Supp. 3d 698 (S.D. Tex. 2017), the plaintiff here argues:

> ·Boilerplate allegations are sufficient in a § 1983/*Monell* claim, citing *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 113 S.Ct. 1160, 122 L. Ed.2d 517 (1993).
>
> · If the *Twombly* standard applies, Defendants misrepresent it and advocate a level of pleading that is actually an impermissible heightened pleading standard or conflates the pleading standard with a summary judgment standard, exceeding the bounds of Rules 8(a) and 12(b).

*Id*. at *3.[1] This Court also rejects Plaintiff's characterization of the pleading standard and Plaintiff's reading of the Motion to Dismiss. The Court agrees with Judge Ramos' thorough analysis of Plaintiff's Response. *Id*. at *3-4.

---

[1] The Court compared Gonzales' filing in response to the motion to dismiss (D.E. 23) in that case with Hatcher's filing (D.E. 11) in response to Nueces County's motion to dismiss and finds the argument portions of both responses to be virtually identical.

## A. Standard of Review

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although "the pleading standard Rule 8 announces does not require detailed factual allegations," it demands more than labels and conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(internal quotations omitted)). "'A formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). The *Twombly* court expressly "retired" the *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957), test that a complaint would not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 127 S.Ct. at 1969.

In deciding a rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In Re Katrina Canal Breeches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive the motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "[C]onversely, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and

money by the parties and the court." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 558 (internal quotations omitted)).

## B. Elements of Municipal Liability

Traditional governmental or municipal liability under § 1983 "requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Piotrowski v. City of Houston*, 237 F.3d 567,578 (5th Cir. 2001)(citing *Monell v. Dep't. of Social Servs*, 436 U.S. 658, 694 (1993)). Accordingly, "the unconstitutional conduct must be directly attributable to the municipality through some sort of official action or imprimatur; isolated unconstitutional actions by municipal employees will almost never trigger liability." *Id*. To survive a motion to dismiss, a complaint's "description of a policy or custom and its relationship to the underlying constitutional violation ... cannot be conclusory; it must contain specific facts." *Spiller v. Texas City Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997).

## C. Hatcher's Pleading of Municipal Liability

### 1. *Policymaker*

The determination of the identity of a final policymaker is a question of state law. *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 737 (1989). The district court in a § 1983 case must identify those persons who have final policymaking authority for the local governmental actor concerning the action that allegedly caused the constitutional deprivation. *Id*. Although not raised by Nueces County, Hatcher does not allege the source of the policy, custom, or practice that resulted in T.H.'s injuries.

### 2. *Official policy to ignore serious medical needs*

Hatcher alleges that "Nueces County is liable because it sanctioned the custom, practice and/or policy or procedure of failing to protect and/or ignoring the serious medical needs of those entrusted to their care." The facts alleged are: 1) T.H. was prescribed medication; 2) sheriff's deputies were told he was prescribed medication; and 3) T.H. did not get his medication. The Complaint does not state the nature of the medication, the period during which T.H. was deprived of medication, or the adverse effect, if any, of failing to receive the medication.

Failure to provide adequate medication or medical treatment may be established as a policy or practice giving rise to a constitutional violation. *See Montano v. Orange Cty, Tex.*, 842 F.3d 865 (5th Cir. 2016) (denying summary judgment on municipal liability); *see also Cleveland v. Gautreaux*, 198 F. Supp.3d 717 (M.D. La. 2016) (denying Rule 12(b)(6) motion on municipal liability); *Shepherd v. Dallas Cty, Tex.*, 2008 WL 656889 at *5-6 (denying summary judgment for jail's failure over several months to provide hypertensive medication and treatment resulting in detainee's stroke). In these cases, the plaintiff pleaded a course of denial of medical care and/or medication over time that resulted in significant ill effects, death and stroke, unlike the Complaint before the Court. The Complaint does not state sufficient facts from which this Court may infer a policy or custom or withholding medication from detainees.

3. *Official policy failure to train regarding the ADA*

Hatcher complains that Nueces County failed to train the sheriff's deputies which "amounts to deliberate indifference to the rights of inmates covered by the Americans with Disabilities Act. D.E. 1, p. 6. "A claim for failure to train must allege sufficient facts to show that (1) the municipality adopted inadequate training policy procedures, (2) acted with deliberate indifference in doing so, and (3) the inadequate training policy directly caused the plaintiff's injury." *Speck v. Wiginton*, 606 Fed. App'x. 733, 736 (5th Cir. 2015) (per curiam) (unpublished).

In *Speck*, the Fifth Circuit affirmed the district court's dismissal pursuant to Rule 12(b)(6) of a failure to train claim for two reasons. "For one, the allegations do not satisfy the first element because [Speck] alleges no facts about what training [the City] provided or failed to provide. Complaints typically satisfy the first element by alleging facts related to the locality's actual training program. . . . Speck is thus asking us to make the inference that a single alleged incident of misconduct means officers are inadequately trained." *Id*. (internal citations omitted). "Similar reasoning demonstrates that Speck also fails to raise sufficient factual allegations to meet the deliberate indifference standard. A pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train." *Id*. (internal citations omitted) (quoting *Connick v. Thompson*, 563 U.S. 51, 61 (2011)). It is only "when city policymakers are on actual or constructive notice that a particular omission in their training program causes city employees to violate citizens' constitutional rights, the city may be deemed deliberately indifferent if the policymakers

choose to retain that program." *Connick*, 563 U.S. at 61. Hatcher, like Speck, does not provide any facts that would allow this Court to plausibly infer from these pleadings that Nueces County failed to adequately train deputies on the ADA and that such failure resulted in serious injury to T.H.

    4. *Official policy failure to protect*

Hatcher alleges that Nueces County has a policy or custom of failing to protect detainees.

> It has long been clearly established that detainees . . . have the right to be protected from sexual abuse, both at the hands of correctional officers and fellow inmates, and that jail officials violate inmates' constitutional rights by showing 'deliberate indifference' to a substantial risk of sexual abuse when the official[s] know[ ] of and disregard[ ] an excessive risk of that harm occurring.

*Rivera v. Bonner*, 2017 WL 2872291, --- Fed. App'x. --- (5th Cir. 2017) (internal quotations omitted)(per curiam) (unpublished)(citing *Doe v. Richardson*, 751 F.3d 383, 388 (5th Cir. 2014) and *Farmer v. Brennan*, 511 U.S. 825, 833 (1994)); *Hare v. City of Corinth*, 74 F.3d 633, 650 (5th Cir. 1996). For a failure to prevent harm claim, "the inmate [or detainee] must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 835. In addition, the entity or official must be deliberately indifferent to the detainee's health or safety. *Id*. In this context, that means that the entity or official "had subjective knowledge of a substantial risk of serious harm to a pretrial detainee but responded with deliberate indifference to that risk." *Id*.

Hatcher has pleaded only that the sheriff's deputies were told that T.H. was 17 years old, "high-functioning," autistic, and naive. Hatcher pleads no facts regarding T.H.'s housing situation or the circumstances of his assault. Such allegations are insufficient. *See McClendon v. Nueces County*, 2014 WL 28840 at *6 (S.D. Tex. Jan. 2, 2014) ("Plaintiff's allegation that the County placed newly incarcerated minors with a general prison population, unsupported by any other factual allegation, does not show objective deliberate indifference."). Hatcher's pleading does not include sufficient facts from which this Court can draw the plausible inference that the County was deliberately indifferent to a substantial risk of harm to T.H.. As a result, Hatcher's pleading is insufficient to support governmental liability based upon an alleged policy or custom of failure to protect.

### IV.  CONCLUSION

The Court GRANTS Nueces County's motion to dismiss the municipal liability claims (D.E. 5) against the County for violation of § 1983. The claims remaining are those against Nueces County for violation of the ADA and the claims against the Doe defendants.

The Court DENIES Hatcher's motion for leave to amend (D.E. 11) without prejudice. He may file an amended Complaint in accord with the requirements of Rule 15(a) and the Court's Scheduling Order.

ORDERED this 13th day of July, 2017.

*Hayden Head*
HAYDEN HEAD
SENIOR U.S. DISTRICT JUDGE