**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **TREYNOR HATCHER** | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO. 2:17-cv-155** |
| **NUECES COUNTY, TEXAS;** | § | **JURY TRIAL** |
| **JOHN DOE #1,** *Individually*; | § | |
| **JOHN DOE #2,** *Individually*; | § | |
| **JANE DOE #1,** *Individually*; **and** | § | |
| **JANE DOE #2,** *Individually* | § | |

**PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT**

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

NOW COMES Plaintiff, Treynor Hatcher, filing this, his *Plaintiff's First Amended Original Complaint*, and bringing this action against Nueces County, Texas, John Doe #1, *Individually*, a John Doe #2, *Individually*, Jane Doe #1, *Individually, and* Jane Doe #2*, Individually*, as said Defendants, jointly and severally, have denied TREYNOR HATCHERhis rights as guaranteed by the Constitution and laws of the United States of America and the State of Texas.

**JURISDICTION AND VENUE**

1.      This court has jurisdiction over this action pursuant to, *inter alia*, 28 U.S.C. §1331 (federal question) and 28 U.S.C. §1343(3) (civil rights).  This court also has supplemental jurisdiction pursuant to 28 U.S.C.S. §1367 to hear the state claims that will be set forth in this complaint. Venue is proper in the Southern District of Texas, Corpus Christi Division, as this is the district where the claim arose in accordance to 29 U.S.C.§1391(b).

**PARTIES**

2.      Plaintiff Treynor Hatcher (hereinafter "Mr. Hatcher") is a resident of Corpus Christi, Nueces County, Texas.

3.      Defendant Nueces County, Texas (hereinafter "Nueces County"), is a political subdivision of the State of Texas, and has executed a waiver and has previously filed an answer in this case.

4.      Defendant John Doe #1 (hereinafter "John Doe #1") was, at all times material to this suit, an officer employed by the Nueces County Sheriff's Department.  Each of the acts complained of herein arises from the conduct of Defendant while acting under color of state law, and was committed within the scope of his employment and authority with the Nueces County Sheriff's Department.  Defendant John/Jane Doe #1 (once identified) may be served with summons at his place of employment, NUECES COUNTY SHERIFF'S DEPARTMENT, 901 Leopold St., Corpus Christi, Texas 78401.

5.      Defendant John Doe #2 (hereinafter "John Doe #2") was, at all times material to this suit, an officer employed by the Nueces County Sheriff's Department.  Each of the acts complained of herein arises from the conduct of Defendant while acting under color of state law, and was committed within the scope of his employment and authority with the Nueces County Sheriff's Department.  Defendant John Doe #2 (once identified) may be served with summons at his place of employment, NUECES COUNTY SHERIFF'S DEPARTMENT, 901 Leopold St., Corpus Christi, Texas 78401.

6.      Defendant Jane Doe #1 (hereinafter "Jane Doe #1") was, at all times material to this suit, an officer employed by the Nueces County Sheriff's Department.  Each of the acts complained of herein arises from the conduct of Defendant while acting under color of state law, and was committed within the scope of her employment and authority with the Nueces County Sheriff's Department.  Defendant Jane Doe #1 (once identified) may be served with summons at her place of employment, NUECES COUNTY SHERIFF'S DEPARTMENT, 901 Leopold St., Corpus Christi, Texas 78401.

7.       Defendant Jane Doe #2 (hereinafter "John Doe #2") was, at all times material to this suit, an officer employed by the Nueces County Sheriff's Department.  Each of the acts complained of herein arises from the conduct of Defendant while acting under color of state law, and was committed within the scope of her employment and authority with the Nueces County Sheriff's Department.  Defendant Jane Doe #2 (once identified) may be served with summons at her place of employment, NUECES COUNTY SHERIFF'S DEPARTMENT, 901 Leopold St., Corpus Christi, Texas 78401.

**FACTS**

8.       Whenever, in this complaint it is alleged that any Defendant did any act, thing, and/or omission, it is meant that Defendant and/or Defendant's officers, agents, servants, employees or representatives did such act, thing and/or omission and that at the time it was done with full authorization and/or ratification of Defendant or done in the normal and routine course and scope of employment of Defendant and/or Defendant's officers, agents, servants, employees or representatives.

9.       On or about September 25, 2016, Treynor Hatcher– a seventeen year (17) year old child disgnosed with Asburger's Syndrome – was arrested and charged with sexual assault of a minor and taken to the Nueces County Jail.  During his incarceration, Charles Hatcher (Plaintiff's father) had informed Nueces County Sheriff's Deputies, John Doe #1, that his son was a high functioning autistic child and was prescribed numerous medications, which he was required to take.  While he was incarcerated, Treynor Hatcher was denied his medication.  Additionally, Treynor Hatcher's neurologist called the jail and informed John Doe #1, and/or John Doe #2, and/or Jane Doe #1, and/or Jane Doe #2, that Treynor Hatcher is very naïve due to his medical/mental health conditions and that if the jail did not accommodate his disabilities by separating him from other inmates, he

3

would either be beaten-up or raped.

10.     Not heeding such notice and warning, and without consideration for his condition and disabilities, Treynor Hatcher was placed in a cell with other inmates.  As a result of such, Treynor Hatcher was raped.

11.     At all pertinent times, Defendant Nueces County, Texas (by and though the Nueces County Sheriff's Department) authorized and ratified the wrongful and tortuous acts and/or omissions of its officers/deputies.

**FIRST CLAIM FOR RELIEF - §1983**

12.     **Section 1983.**  The Civil Rights Act of 1871 (originally the "Ku Klux Klan Act"), now codified as 42 U.S.C.S. §1983 as federal law provides:  "Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state or territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any laws, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."   42 U.S.C.S. §1983.

13.     The state action requirement for standing under 42 U.S.C.S. §1983 has more commonly been referred to as "color of state law," from the statute itself.  Mr. Hatcher is informed and believes, and thereupon alleges that in committing said acts and/or omissions, each Defendant was the agent and employee of each other Defendant and was acting within such agency and employment and that each Defendant was acting under color of state law.

14.     42 U.S.C.S. §1983 requires that the conduct complained of must have deprived the person of some privilege or immunity secured by the Constitution or laws of the United States.  As such, Mr. Hatcher alleges that Defendants, jointly and/or severally deprived Treynor Hatcher of his

Fourth Amendment and/or Eighth Amendment rights and those rights, privileges, and immunities secured by the Fourth, Fifth and Eighth Amendments to the Constitution incorporated and applied to the states through the Fourteenth Amendment.   Defendants violated this provision by the following actions, *inter alia*, and/or omissions:

a)      by acting with deliberate indifference to a substantial and known risk of harm to Treynor Hatcher;

b)      by failing to intervene, where such intervention would have prevented the injuries to Treynor Hatcher;

c)      in creating a danger, which otherwise would not have existed, but for the conduct of Defendants, and which made more likely the opportunity of harm to occur to Treynor Hatcher;

d)      by ignoring Treynor Hatcher's serious medical needs; and

e)      failing to impose proper and sufficient policies and/or procedures as to the screening of inmates/detainees/arrestees in regard to their medical needs.

15.      **§ 1983 - County/Municipal liability.**   It is also well-established that municipalities are liable under 42 U.S.C.S. §1983 for constitutional torts that are in compliance with the municipality's customs, practices, policies or procedures.   A municipality is liable for constitutional deprivations visited pursuant to governmental custom even though such custom has not received formal approval through the body's official decision making channels.   In this case, Nueces County is liable because it sanctioned the custom, practice and/or policy or procedure of failing to protect and/or ignoring the serious medical needs of those entrusted to their care.

16.      Moreover, Nueces County is liable for inadequate training of police officers under §1983. Liability attaches to Nueces County because the County's failure to train amounts to deliberate indifference to the rights of inmates covered by the Americans with Disabilities Act.

## FIRST CLAIM FOR RELIEF -
## VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT OF 1990

17.     TREYNOR HATCHERis an individual with a mental impairment, a record of such an impairment, and regarded as having such impairment within the meaning of 42 U.S.C. §12102. His serious mental illnesses, constitute mental impairments that substantially limit him in several major life activities, including but not limited to learning, concentrating, thinking, and interacting with others. These limitations on his life activities have had a profound effect on Treynor Hatcheras fully described above.

18.     Treynor Hatcher is a qualified individual with a disability as defined in 42 U.S.C. §12102.

19.     Defendant Couty is a public entity as that term is used in 42 U.S.C. §12131.

20.     Treynor Hatcher is entitled to be free from discrimination under the Americans with Disabilities Act, 42 U.S.C. §12131 *et seq.*

21.     Defendants failed to accommodate Treynor Hatcher's mental and medical disabilities and denied him the benefits and services of their facilities by reason of his disabilities by, *inter alia*, failing to place Treynor Hatcher in protective custody and/or prevent his interaction with violent or potentially violent offenders.

## DAMAGES

22.     As a result of the foregoing unlawful and wrongful acts of Defendants, jointly and severally, Treynor Hatcher has been caused to suffer general damages which include but are not limited to the following:  both physical and emotional injury, including but not limited to pain and suffering, emotional and mental distress, and personal humiliation and shock, along with severe emotional distress.

23.     Said injuries have caused Treynor Hatcher to incur special damages.

24.     Pursuant to the Civil Rights Attorney's Fees Award Act, 42 U.S.C.S. §1988, a prevailing party in a  §1983 case is entitled to recover his attorney's fees.   Hence, Mr. Hatcher further prays for all costs and attorney fees associated with bringing the present case to trial.

25.     In addition, Mr. Hatcher prays for punitive damages against all individual Defendants. Punitive damages are designed to punish and deter persons such as Defendants who have engaged in egregious wrongdoing.  Punitive damages may be assessed under §1983 when a Defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally-protected rights of others.  While municipal defendants are absolutely immune from §1983 awards of punitive damages, such damages may be awarded against a public employee or official in their individual capacity.  Therefore Mr. Hatcher alleges and prays for punitive damages against all individual Defendants, as such Defendants actually knew that their conduct was unconstitutional, and/or was callously indifferent to its legality.

**WHEREFORE PREMISES CONSIDERED**, Mr. Hatcher prays that upon trial of the merits, he recover compensatory damages against Defendants, jointly and severally; that Mr. Hatcher also recover punitive damages against the individual Defendants in an amount to punish and/or deter and to make an example of those Defendants in order to prevent similar future conduct; and, that Cahrles Hatcher recover against each Defendant all reasonable and necessary attorney's fees, court costs and expenses in regards to the present suit in litigation.  Moreover, Mr. Hatcher  prays for all pre-judgement and post-judgement interest that can be assessed against the Defendants in the event of recovery; and that Mr. Hatcher recover against each Defendant any and all other general or specific relief to which he proves himself justly entitled.

Respectfully submitted,

GALE LAW GROUP, PLLC
711 N. Carancahua St., Suite 514
Corpus Christi, Texas 78401
Mailing Address:
P.O. Box 2591
Corpus Christi, Texas 78403
Telephone: (361)808-4444
Telecopier: (361)242-4139


By: */s/ Christopher J. Gale*
Christopher J. Gale
Chris@GaleLawGroup.com
Texas Bar No. 00793766
Southern District Bar No. 27257
*Attorney-in-Charge for Plaintiff*


 /s/ *Amie Augenstein*
Amie Augenstein
Amie@GaleLawGroup.com
Texas Bar No. 24085184
Southern District Bar No. 2236723
*Attorney for Plaintiff*

## Demand for Jury Trial

Plaintiff, Treynor Hatcher, hereby demands trial by jury.

## NOTICE OF ELECTRONIC FILING

The undersigned counsel hereby certifies that he has electronically submitted for filing a true and correct copy of the above and foregoing in accordance with the Electronic Case Files System of the Southern District of Texas on the 20th day of September, 2017.

/s/ *Christopher J. Gale*
Christopher J. Gale

**CERTIFICATE OF SERVICE**

   I hereby certify that on this the 20th day of September, 2017, the above and foregoing was sent to the following counsel of record by the means indicated below:

Jenny Cron          ***Via E-File Notification***
NUECES COUNTY DISTRICT'S ATTORNEY'S OFFICE
901 Leopard St., Room 207
Corpus Christi, Texas 78401

           /s/ *Christopher J. Gale*
            Christopher J. Gale